PEOPLE ex rel. ZOLLIKOFER, Appellant, v. FEITNER et al., Respondents. (Supreme Court, Appellate Division, First Department. July 9, 1901.) Proceeding by the people of the state of New York, on the relation of Oscar Zollikofer, against Thos. L. Feitner and others. T. Sutro, for appellant. James M. Ward, for respondents. No opinion. Order (69 N. Y. Supp. 793) affirmed, with costs, on authority of People ex rel. Sutphen v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432.

PERCEVAL, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Charles Perceval against the Metropolitan Street Railway Company. H. A. Robinson (G. Glenn Worden, of counsel), for appellant. Spencer, Stickney & Ordway, for respondent.
PER CURIAM. There is nothing in this case save a conflict of evidence; the preponderance being with the plaintiff. Judgment affirmed, with costs.

In re PETCHESKY. (Supreme Court, Appellate Division, Second Department. July 25, 1901.) In the matter of the application of Morris Petchesky for a writ of mandamus, etc. No opinion. Order affirmed, with $10 costs and disbursements.

PETROLEO, Respondent, v. SOCIETA REDUCI DELLI PATRIE, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Marco Petroleo against the Societa Reduci Delli Patrie. John J. Freschi, for appellant. Aaron Morris, for respondent. No opinion. Judgment affirmed, with costs.

PETTERSON, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by John Petterson against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

PLATT et al., Respondents, v. NEW YORK & S. B. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by William O. Platt and another, trustees, etc., against the New York & Sea Beach Railway Company. No opinion. Motion for reargument denied. Motion for leave to appeal to the court of appeals granted.

PLATT et al., Respondents, v. NEW YORK & S. B. RY. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by William O. Platt and another, trustees, against the New York & Sea Beach Railway Company and another. No opinion. Order settled, question certified, and stay granted.

PRESS PUB. CO., Respondent, v. HALLHEIMER, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by the Press Publishing Company against Max Hallheimer. M. Hallheimer, for appellant. Wilbur & Hart, for respondent. No opinion. Judgment affirmed, with costs.

PUGH, Respondent, v. O'ROURKE, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Paul B. Pugh against Thomas F. O'Rourke. E. M. Friend, for appellant. H. S. Mack, for respondent.
PER CURIAM. It seems to us that the acceptance of the keys of the apartment and the immediate efforts of the plaintiff to relet the same on his own account were sufficient evidence of the plaintiff's acceptance of the surrender. The allowance of the full rent due was therefore error. The judgment below should have been limited to the sum of $80, due June 19, 1900. If the principal recovery shall be by stipulation reduced to that sum, with interest, the judgment in that event will be affirmed, without costs in this court. If not so reduced, the judgment will be reversed, and a new trial ordered, with costs to abide the event. Judgment affirmed, without costs, if reduced to $80. If not so reduced, judgment reversed, with costs to abide event.

QUIRK, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Maria Quirk against the Nassau Electric Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

RADICAN, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Mary V. Radican, as administratrix, etc., of John J. Radican, deceased, against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

REED, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Robert R. Reed against the Erie Railroad Company. R. R. Reed, for appellant. Stetson, Jennings & Russell, for respondent.
PER CURIAM. The contract of transportation between the plaintiff and defendant was fully performed by the latter when the plaintiff's trunk reached its destination and he was advised of its arrival, whereupon he voluntarily surrendered his check to the station agent. Whatever may have been done thereafter in the way of procuring an expressman by the agent was for the plaintiff's convenience, and in no way imposed any liability upon the defendant. Judgment affirmed, with costs.

REILLY, Respondent, v. CONNORS, Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Ac-

tion by Elmore T. Reilly against William Connors. No opinion. Judgment of the municipal court affirmed by default, with costs.

REIMERS, Appellant, v. SCHMITT, Respondent. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Bernhardt N. Reimers against Christina Schmitt. No opinion. Application to substitute trustee in bankruptcy granted, without costs.

RICHARDSON, Appellant, v. BORRILL, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Lulu Richardson against Albert Borrill. G. A. C. Barnett, for appellant. William Henry Knox, for respondent.

PER CURIAM. A judgment in favor of the plaintiff was reversed by this court in June, 1900. 32 Misc. Rep. 718, 65 N. Y. Supp. 1144. The evidence upon the present trial is substantially the same that was presented then, except that on this trial the plaintiff herself did not testify. The action is in replevin for certain household furniture claimed to have been sold by plaintiff's mother to defendant, and of which plaintiff asserts ownership. The evidence as to her ownership is very hazy and most unsatisfactory. Even if some of it belonged to her, she allowed her mother to exercise dominion over it, and can scarcely have been ignorant of the transaction between her mother and the defendant. It was attempted to be shown that the mother expressly exempted the goods from the sale to the defendant, but the documentary evidence in the case made strongly against this contention, and the efforts of the witness to explain away her receipts and bill of sale were not convincing. On the whole, we are of opinion that the case was rightly decided. Judgment affirmed with costs.

RICHTER v. NIMMO. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Oscar Richter, trustee, etc., against Andrew Nimmo. No opinion. Motion for reargument denied. Motion to resettle order granted, by inserting leave to the defendant to answer on payment of $20 costs within 10 days.

RIDER, Respondent, v. SYRACUSE RAPID TRANSIT RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by Jane Rider, as administratrix, etc., against the Syracuse Rapid Transit Railway Company. No opinion. Judgment and order affirmed, with costs.

RUMSEY, J., not sitting.

RIDER, Respondent, v. SYRACUSE RAPID TRANSIT RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Action by Jane Rider, as administratrix, etc., against the Syracuse Rapid Transit Railway Company. No opinion. Motion for leave to appeal to the court of appeals granted; this court certifying that the case involves a question of law which requires the determination of that court.

RIKER, Respondent, v. NEW YORK, O. & W. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 23, 1901.) Action by Henry Riker against the New York, Ontario & Western Railway Company. No opinion. Motion denied.

ROBERSON v. ROCHESTER FOLDING BOX CO. et al. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by Abigail M. Roberson, an infant, against Rochester Folding Box Company and another. No opinion. Motion for leave to appeal to the court of appeals granted. Questions certified to the court of appeals filed with the clerk.

ROBERTS, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Beatrice Roberts against the Brooklyn Heights Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulate to reduce recovery of damages to the sum of $5,000 and extra allowance proportionately, in which case the judgment, as modified, is affirmed, without costs of this appeal to either party.

GOODRICH, P. J., and WOODWARD and SEWELL, JJ., concur. HIRSCHBERG and JENKS, JJ., vote for affirmance.

ROCHESTER BAR ASS'N v. MONROE. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) In the matter of the charges of the Rochester Bar Association against Charles Wilbur Monroe. No opinion. Report of referee confirmed. Ordered that the defendant be removed from the office of attorney and counselor at law.

ROCHMOVITZ, Respondent, v. SEWARD, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Henry Rochmovitz against Perceval H. Seward. M. Monfried, for appellant. D. W. Rockmore, for respondent.

PER CURIAM. It would seem unfair to allow the defendant to amend and increase the original specifications he had submitted to plaintiff, and which he had accepted in writing. That end should have been sought in a more mutual manner. Judgment affirmed, with costs.

ROQUETTE, Respondent, v. TOTTEN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by William F. B. Roquette against William H. Totten. John J. Buckley, for appellant. Abraham B. Schleimer, for respondent. No opinion. Judgment affirmed, with costs.

ROSALER, Appellant, v. GREENBERG, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Joseph Rosaler against